IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DINEEN BILLICK,

    Plaintiff,

-vs-

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 14-679

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance income ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since May 26, 2010. (ECF No. 9-7, pp. 5, 12). Administrative Law Judge ("ALJ"), Natalie Appetta, held a hearing on December 16, 2013. (ECF No. 9-3, pp. 2-45). On January 9, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 24-42).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Plaintiff's Mental Impairments

Plaintiff first argues that the ALJ erred in assessing Plaintiff's mental impairments in two respects: 1) by improperly discounting Plaintiff's depression as "situational;" and 2) in failing to adequately address Plaintiff's global assessment of functions ("GAF") scores. (ECF No. 13, pp. 2-7). With regard to the ALJ characterizing Plaintiff's depression as "situational," I find the ALJ's assessment is reasonable and based on substantial evidence. (ECF No. 9-2, pp. 34-36). For example, the ALJ noted that her depression was "generally related to grief due to the death of her husband." (ECF No. 9-2, p. 35). The ALJ continued:

> Furthermore, notes from both examinations indicated that her mental status evaluations were essentially normal. While notes from the claimant's November of 2011 psychological examination indicated that the claimant had some weepiness due to her husband's death, she maintained eye contact, and her speech was of normal pace and tone. Her thought processes were linear, coherent, and goal directed. Her memory and concentration were well within normal limits.

*Id.* The ALJ also noted that Plaintiff only underwent treatment on a couple of occasions and was only conservatively treated with Zoloft. (ECF No. 9-2, p. 34). In fact, he noted that "there is

3

no evidence that she underwent any treatment from a mental health professional between May of 2010 and April of 2013." *Id.* After November of 2013, Plaintiff started to take Lithium due to the current situational stressor of her father being diagnosed with a terminal illness. *Id.* at p. 35. I find the ALJ's descriptions to be reasonable inferences and to be based on substantial evidence of record. *Id.* Therefore, I find no error in this regard.

With regard to her GAF[1] scores, Plaintiff argues that while the ALJ addressed a couple of GAF scores, she overlooked two other GAF scores: 1) a GAF of 38 by Nancy McDermott, M.A on April 17, 2013; and 2) a GAF of 41 on November 17, 2013 by Dr. Sharon M. Curlik, M.D. (ECF No. 13, pp. 3-7). After a review of the evidence, I find that ALJ did not overlook Plaintiff's GAF of 38 as assessed by Nancy McDermott, M.A., on April 17, 2013. Rather, the ALJ cited to a letter from Ms. McDermott dated December 13, 2013 referencing Plaintiff's treatment since April 17, 2013 and the GAF designation of 38. (ECF No. 9-2, p. 39).

Additionally, the ALJ gave this assessment little weight because the score is not consistent with Plaintiff's mental health treatment and is based on Plaintiff's own self reporting. *Id.* GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting.[2] American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). Here, the ALJ found Plaintiff not entirely credible; thus, making Plaintiff's GAF scores questionable. Furthermore, I find there is substantial evidence of record to support the ALJ's decision that the score of 38 is not consistent with Plaintiff's mental health treatment. (ECF No. 9-2).

---

[1]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100.

[2]GAF scores are not endorsed by the Social Security Administration because the scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013).

With regard to Plaintiff's GAF of 41 by Dr. Curlik on November 17, 2013, I agree with Plaintiff that the ALJ did not discuss this particular score. There is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion with regard to the GAF scores and find that it is based on substantial evidence. Consequently, I find no error in this regard.

### C. **Plaintiff's Use of Her Upper Extremities**

Plaintiff next argues that the ALJ erred in failing to adequately address how her diagnosis of De Quervain's synovitis and fibromyalgia affect her use of her upper extremities. (ECF No. 13, pp. 8-10). I disagree.

To begin with, I note that the mere existence of a diagnosis does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). Here, the ALJ specifically and thoroughly addressed Plaintiff's diagnosis of De Quervain's synovitis finding it to be a non-severe impairment. (ECF No. 9-2, pp. 27-28). Additionally, the ALJ specifically reviewed and assessed Plaintiff's fibromyalgia finding it to be severe. (ECF No. 9-2, p. 27). After a review of the record, I find the ALJ adequately addressed how her diagnosis of De Quervain's synovitis and fibromyalgia affected her use of her upper extremities. *Id.* at pp. 27-39. Furthermore, there is substantial evidence of record to support the ALJ's decision. *Id.* Thus, I find no error in this regard.

### D. **Treating Physician Opinion Evidence**

Plaintiff argues that the ALJ erred in rejecting the opinion of her treating physician, Dr. Karim Bitar, M.D. (ECF No. 13, pp. 10-12). The amount of weight accorded to medical opinions

5

is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave Dr. Bitar's opinion little weight because Dr. Bitar did not support his opinion and his opinion is inconsistent with the objective findings in the record.

6

(ECF No. 9-2, pp. 37-38). Additionally, the ALJ noted that Plaintiff's treatment has been no more than conservative. *Id.* at p. 38. These are appropriate reasons for giving an opinion little weight. 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 9-2, pp. 31-39). Consequently, I find remand is not warranted on this basis.

**E.    Credibility**

Lastly, Plaintiff essentially argues that the ALJ erred in finding Plaintiff's testimony not entirely credible without explanation. (ECF No. 13, pp. 12-15). I disagree.

In evaluating whether a plaintiff's statements concerning the intensity and persistence of his/her symptoms are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§404.1529(c). 416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After my own review of the record, I find that the ALJ followed the proper method to determine Plaintiff's credibility and her opinion is based on substantial evidence. As laid out in her decision, the ALJ considered the factors set forth above. (ECF No. 9-2, pp. 26-39). For example, while assessing Plaintiff's credibility, the ALJ appropriately compared the medical evidence to her complaints and found them to be contradictory. *Id*. The ALJ also thoroughly discussed the fact that Plaintiff's complaints were contradicted by her daily activities. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§404.1529,

7

416.929 and SSR 96-7p and, based on the entire record as a whole, there is substantial evidence to support the ALJ's conclusion. *Id.* Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DINEEN BILLICK,                 )
                                               )
       Plaintiff,              )
                                               )
  -vs-                                 )           Civil Action No.  14-679
                                               )
CAROLYN W. COLVIN,      )
COMMISSIONER OF SOCIAL SECURITY,   )
                                             )
       Defendant.           )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 3rd day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                                     BY THE COURT:

                                     s/  Donetta W. Ambrose
                                       Donetta W. Ambrose
                                       United States Senior District Judge